**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

ROY EASTERWOOD, )
 )
 Petitioner, )
 )
v. ) **Case No. CIV 04-370-FHS**
 )
WARDEN BECK, )
 )
 Respondent. )

**OPINION AND ORDER**

This matter is before the court on Petitioner's Petition for a Writ of Habeas Corpus. The Respondent has filed a response arguing Petitioner's claim for relief is time barred and even if it were not time barred, the claims are not actionable. Petitioner is an inmate currently incarcerated at Mack Alford Correctional Center, in Stringtown, Oklahoma. He challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. He is serving a life sentence in Choctaw County District Court Case No. CRF-79-23 for the crime of First Degree Murder.

Petitioner alleges his life sentence for Murder in the First degree handed down in 1979, which was once uncertain, has since become certain by legislative definition. Petitioner alleges that the legislature has defined a life sentence as a term of years between 18 and 60. Petitioner's claim is based upon Oklahoma's Truth and Sentencing Act and the matrixes associated therewith. Although Petitioner acknowledges the Act was repealed prior to its effective date, Petitioner asserts that the same was "revived" and/or "reenacted" on July 1, 2001, by 57 O.S.A. § 332.7 (2001). Based on these provisions, Petitioner asserts that his life sentence should be recalculated as 39 years. With time served and

earned credits, Petitioner contends that he has served 47 years and is thus entitled to immediate release. In his second claim of relief, Petitioner argues the Answer filed by the State in his habeas corpus action filed in state court did not meet the legal requirements of an Answer because it was unverified and devoid of every element the statute requires except for the signature. He contends the filing of this insufficient pleading was the equivalent of not filing a response and thus he was entitled to habeas relief at the state court level.

Respondent alleges Petitioner's claims are time barred because the legislative action upon which Petitioner's complaint is based occurred July 1, 2001. Petitioner's petition was filed August 23, 2004. As to Petitioner's second claim of relief, the Respondent argues this claim is not actionable because he is complaining about a state procedural issue and that is purely a state law question not appropriate in a habeas action.

The Oklahoma Truth in Sentencing Act initially was scheduled to become effective on July 1, 1998. *See* 1997 Okla. Sess. Laws, 1st Reg. Sess., ch. 133 § 612 (eff. July 1, 1998). The law, however, subsequently was amended to take effect on July 1, 1999. *See* 1998 Okla. Sess. Laws, 1st Ex.Sess., ch. 2 § 23 (eff. July 1, 1999). One day before the statute was to take effect, the state legislature repealed it, effective on July 1, 1999. *See* 1999 Okla. Sess. Laws, 1st Ex.Sess., ch. 5 § 452 (eff. July 1, 1999). Based on this legislative history, the Tenth Circuit Court of Appeals has held the Act never went into effect, and it did not create any federal constitutional claims for those seeking habeas relief. See Collins v. Workman, No. 04-6343, 125 Fed. Appx. 246, 248, 2005 WL 535358, **1 (10th Cir. 2005) (unpublished opinion) (citing Teague v. Hines, No. 00-6241, 232 F.3d 902, 2000 WL 1629445, *1-2 (10th

Cir. 2000) (unpublished opinion); Turner v. Champion, No. 98-6480, 198 F.3d 259, 1999 WL 1032972, *1 (10th Cir. 1999) (unpublished opinion)). Petitioner was sentenced in 1979. Even if the Act had taken effect on July 1, 1999, the sentencing matrixes of the Act were for prospective application only and would not have applied to Petitioner. See Collins, 125 Fed. Appx. at 248.

Petitioner claims the July 1, 2001, act revived his claim under the Truth and Sentencing Act. However, if the act did revive his claim it would now be time barred. Pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Congress imposed a one-year statute of limitations for the filing of petitions by state prisoners. The AEDPA applies a one-year limitation period from the date on which the factual predicate of the claim could have been discovered. 28 U.S.C. C 2244(d)(1)(D). The one-year limitation period also applies to § 2241 habeas corpus actions. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner's first claim is that his life sentence which was once uncertain, has since become certain by legislative definition that a life sentence is for a term of years between 18 and 60. Petitioner's claim is based upon Oklahoma Truth and Sentencing Act and the matrixes associated therewith. Although acknowledging that the Act was repealed prior to its effective date Petitioner's asserts that the same was revived on July 1, 2001, by 57 O.S.A. § 332.7. Based on this provision, Petitioner asserts that his life sentence should be recalculate as 39 years. With time served and earned credits, petitioner contends that he has served 47 years and is entitled to immediate release.

Petitioner's claim is based upon legislative action occurring on July 1, 2001. This court finds this is when the statute of limitations for this action began to run. Accordingly, Petitioner

3

had until July 1, 2002, in which to file his Petition. Petitioner filed his Petition on August 23, 2004. Thus, this action is time barred.

As to Petitioner's second claim regarding the legal sufficiency of the state's response to his writ of habeas corpus in the state court, this court finds that is an issue of purely state law. In a habeas corpus action, a federal court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). 28 U.S.C. § 2254 (a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution, or laws or treaties of the United States.

Petitioner's complaint deals with an Oklahoma statute regarding the sufficiency of a pleading in a post-conviction action. The sufficiency of a pleading is defined by the statute itself and case law interpreting the statute. This issue is one for state law. Federal courts on habeas review cannot strike down as unconstitutional a state post-conviction procedural rule. Phillips v. Ferguson, 182 F. 3d 769, 772-773 (10th Cir. 1999). See also Sellers v. Ward, 135 F. 3d 1333, 1339 (10th Cir. 1998), cert. denied, 525 U.S. 1024 (1998)(holding when Petitioner asserts no constitutional trial error, but only an error in the state post-conviction procedure, no relief can be granted on habeas corpus.) Accordingly, Petitioner's second ground for relief is also denied.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 5th day of October 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma